Filed 2/10/22  P. v. Shorter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>SHANNON SHORTER,<br><br>       Defendant and Appellant. | C092368<br><br>(Super. Ct. No. 09F09113) |

Defendant Shannon Shorter appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court erred in relying on a special circumstance finding to conclude no prima facie showing had been made.  He further argues the trial court erred in relying on the record

_____

[1] Undesignated statutory references are to the Penal Code.

1

of conviction and our prior opinion in this matter in denying his petition. We conclude there was no error and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

A. Defendant's Case

A jury found defendant guilty of first degree murder (§ 187, subd. (a)), first degree robbery (§§ 211 & 213, subd. (a)(1)(A)), kidnapping (§ 207, subd. (a)), torture (§ 206), arson (§ 451, subd. (d)), and carjacking (§ 215). The jury also found true that defendant committed the murder while he was engaged in a robbery. (§ 190.2, subd. (a)(17).) In 2013, the trial court sentenced defendant to life without the possibility of parole plus 11 years four months in state prison. On appeal, we reversed the arson conviction and affirmed the judgment as modified. (*People v. Shorter et al.* (Sept. 7, 2016, C072977) [nonpub. opn.].) On remand, the trial court resentenced defendant to life without the possibility of parole plus 10 years eight months in state prison.

A detailed recitation of the underlying facts is set forth in our prior opinion. In sum, defendant and two compatriots lured the victim to the home of one of the compatriots under the pretext of a marijuana transaction, tied him up, and beat him. They then drove the victim's car to his home, tied up the victim's wife, and stole marijuana plants. They then took the victim to a nearby spot and shot and killed him. The next day, the victim's car was burned. (*Shorter, supra*, C072977.)

B. Defendant's Petition for Resentencing

In January 2019, defendant (with the assistance of counsel) filed a petition for resentencing under section 1170.95 and a supporting brief, including exhibits of the information, abstract of judgment, and jury instructions given. The instructions included CALCRIM No. 703 (Special Circumstances: Intent Requirement for Accomplice after June 5, 1990—Felony Murder [§ 190.2, subd. (d)]), which told the jury that if it found defendant was not the actual killer, in order to prove the special circumstance true: "[T]he People must prove either that the defendant intended to kill, or the People must

2

prove all of the following:  [¶] 1. The defendant's participation in the crime began before or during the killing; [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he acted with reckless indifference to human life."  In his petition, defendant argued that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder, that he was convicted of first degree murder under the felony-murder rule, and that he could not now be convicted of first degree murder based on the recent changes to sections 188 and 189. Citing *People v. Banks* (2015) 61 Cal.4th 788 and noting he did not personally kill the victim, defendant argued the evidence was insufficient to establish he (1) was a major participant in the killing and (2) acted with reckless indifference to human life.  The People filed briefs opposing defendant's motion, arguing defendant was ineligible for relief under section 1170.95 because he was convicted of special circumstance murder. Defendant filed a reply, arguing he was not ineligible because his trial took place before *Banks* and *People v. Clark* (2016) 63 Cal.4th 522, which "construed what it means to be a 'major participant in the underlying felony and act with reckless indifference to human life' in a manner significantly different than how that term was construed when [defendant] was convicted in 2012."

In February 2020, the trial court denied defendant's petition and declined to issue an order to show cause, finding defendant had failed to show he fell within the provisions of section 1170.95.  The trial court reasoned that, in finding the robbery-murder special circumstance to be true, the jury "necessarily found that [defendant] was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life.  The jury was specifically instructed with [CALCRIM No. 703] that it must make such a finding before finding true the [robbery-murder special circumstance]."  The trial court cited our recitation of the facts in *Shorter*, and noted that sections 187 and 189 "still provide for first degree murder based on robbery-murder, when the trier of fact has found that the defendant either was the actual

3

killer, intended to kill, or was a major participant in the robbery who acted with reckless indifference to human life."

## DISCUSSION

A.  Legal Background

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)  Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder:  "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer.  [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences

4

doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

"Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c), as amended by Stats. 2021, ch. 551, § 2.)

Our Supreme Court recently clarified that section 1170.95, subdivision (c) requires only a single prima facie showing and entitles the petitioner to the appointment of counsel upon the filing of a facially sufficient petition. (*People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).) Once the court has appointed counsel and received briefing from the parties, it may rely on the record of conviction (including a prior appellate court opinion) in determining whether that single prima facie showing has been made. (*Id*. at pp. 971-972.)

5

The prima facie inquiry under section 1170.95 subdivision (c) is "limited." (*Lewis, supra*, 11 Cal.5th at p. 971.)  The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' "  (*Ibid.*; see also *People v. Drayton* (2020) 47 Cal.App.5th 965, 978.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Lewis,* at p. 972; *Drayton,* at p. 980.)

Once the trial court issues an order to show cause, it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subdivision (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record.  (§ 1170.95, subd. (d)(2); *Drayton, supra*, 47 Cal.App.5th at pp. 980-981.)

B.  Analysis

We turn first to defendant's contention that it was error for the trial court to rely on the record of conviction in reaching its decision, even though his own petition brief included exhibits of the jury instructions, abstract of judgment, and information. Defendant's contentions are without merit, given our Supreme Court's recent holding that the trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing that they fall within the provisions of section 1170.95. (*Lewis, supra*, 11 Cal.5th at p. 971.)

We next consider defendant's contention that the trial court erred in determining he did not fall within the provisions of section 1170.95 given the jury's special circumstance finding.  According to defendant, he established a prima facie case by asserting in his petition that he neither personally killed the victim nor acted with an intent that his two compatriots kill the victim, and therefore could not be convicted of murder if he were tried today under the newly enacted law.  Moreover, argues defendant,

6

his case was tried before our Supreme Court clarified the definitions of "major participant" and "reckless indifference to human life" in *Banks* and *Clark.* Citing *People v. Harris* (2021) 60 Cal.App.5th 939, review granted April 28, 2021, S267802, defendant argues that, since the jury was not instructed with the guidance from these cases, it cannot be determined as a matter of law that the factors were met. Defendant further argues the trial court engaged in improper factfinding to reach its conclusions, pointing to the trial court's statement that the jury had "ample evidence to make the finding as articulated in [*Banks*] and [*Clark*]." We disagree.

Despite defendant's contentions, as our Supreme Court recently explained, *Banks* and *Clark* merely clarified the already existing principles regarding aiding and abetting. (*In re Scoggins* (2020) 9 Cal.5th 667, 674.) "The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449, review den. Dec. 23, 2020.)

As such, the trial court was bound by the jury's felony-murder special circumstance finding, namely that the murder was committed during a robbery. (§ 190.2, subd. (a)(17).) Because this finding had nothing to do with (1) the validity of the jury's finding or (2) the sufficiency of the evidence supporting the jury's finding, we conclude the trial court did not engage in improper factfinding when it determined defendant was ineligible for relief.

We are aware that some appellate courts have come to the opposite conclusion regarding whether a trial court is bound by a jury's felony-murder special circumstance finding, and the issue is currently pending in our Supreme Court. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802.) We, however, are persuaded by the reasoning in *Galvan* and cases reaching the same conclusions.

To the extent defendant wishes to challenge the felony-murder special circumstance finding, his remedy is to pursue extraordinary relief by way of habeas corpus. Because *Banks* and *Clark* merely clarified the kind of conduct proscribed by statute, "a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*In re Scoggins, supra*, 9 Cal.5th at pp. 673-674.)

For all these reasons, we conclude the trial court did not err when it denied defendant's petition.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

/s/
HOCH, J.

We concur:

/s/
BLEASE, Acting P. J.

/s/
DUARTE, J.

9